IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHARLES D. JOHNSTON,** | |
| Claimant, | Civil Action No. |
| | 5:07-CV-292 (CAR): |
| v. | |
| | Social Security Appeal |
| **MICHAEL J. ASTRUE,** | |
| **Commissioner of Social Security,** | |
| Respondent. | |

### ORDER ON REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 18] to uphold the Commissioner's decision to deny Claimant disability benefits. Claimant has filed an Objection to the Recommendation [Doc. 19]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Claimant's objections and has made a *de novo* determination of the portions of the Recommendation to which Claimant objects.

In his first ground for objection, Claimant complains that the United States Magistrate Judge did not fully consider the Administrative Law Judge's failure to recontact Claimant's physician witnesses to address his concerns about their opinions. The ALJ was not required to recontact those physicians, however. Though not expressly noted by the Magistrate Judge, the applicable regulation, 20 C.F.R. § 404.1512(e), only provides that a treating physician will be recontacted when the evidence received from the treating physician "is inadequate for [the ALJ] to determine whether [the claimant is] disabled," and directs the ALJ to seek "additional evidence or clarification from [the claimant's] medical source when the report from [the claimant's] medical source contains a conflict or ambiguity

. . . , the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Id. § 404.1512(e)(1). As such, under the applicable regulations, the ALJ only has a duty to recontact the treating physician when the evidence is deemed to be inadequate. Driver v. Astrue, 2009 WL 631221 at *20 (N.D. Ga. Mar. 9, 2009) (slip copy) (citing White v. Barnhart, 287 F.3d 903, 908 (10th Cir.2001)). The ALJ is not required to recontact a physician every time the ALJ chooses, for good cause, to reject the physician's opinion. Id. In the present case, the ALJ did not find the physicians' records to be inadequate. The ALJ found that the physician's conclusions were not supported by the evidence. The Court thus finds no error in the ALJ's findings and conclusions in this respect.

Claimant next contends that the Magistrate Judge improperly found that there was insufficient evidence before the ALJ as to any side effects suffered from Claimant's medications. He argues that existing case law does not require the level of proof that the ALJ and Magistrate Judge required on this issue. Claimant asserts that the ALJ had the duty to perform his own investigation about the side effects of claimant's medications. In some cases, this is true. For example, "where an unrepresented claimant's hearing testimony raises a question as to the side-effects of medications, the ALJ has the special duty to elicit further testimony or otherwise make a finding in regard to such side-effects." Pilnick v. Commissioner of Social Security Admin., 2007 WL 3122168 at *1 (11th Cir. 2007) (slip copy) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir.1981)). However, "where a represented claimant makes a similar statement, but does not otherwise allege that the side-effects contribute to the alleged disability, the ALJ does not err in failing "to inquire further into possible side[-]effects." Id.

Here, Claimant has not demonstrated that the ALJ failed to apply the correct legal standards, as the circumstances giving rise to a "special duty" to conduct his own investigation as to the relevant

side effects were not present. This case can also be easily distinguished from those cited by Claimant. In his Objection, Claimant cites two cases in which the ALJ was found that have improperly rejected the claimant's complaints of side effects where the claimant's medication had documented side effects of the type of which the claimant complained. Here, however, Claimant did not complain of side effects. The ALJ found that neither the treatment notes nor Claimant's own assertions provided any evidence that he suffered side effects from the medication. Claimant does not now cite to any additional evidence which should have been considered by the ALJ. This Court agrees that Dr. Eilers' mere notations of regarding "mental dullness secondary to med" and one comment from a consultative examiner that Claimant's medication "may" interfere with alertness was not evidence that Claimant suffered from such side effects. As such, Claimant cannot now argue that the ALJ failed to consider evidence that side effects of medications prevented him from performing the job because no such evidence was before him. The Court, therefore, agrees that the ALJ's treatment of the medication side effects issue is supported by sufficient evidence.

Accordingly, after careful consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

SO ORDERED this 30th day of March, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

jlr